No. 17,486.

Fred Rein, Jr., as Rein Milk Transport Company, et al
v. Dewey Jarvis.
(281 P. [2d] 1019)

Decided April 4, 1955. Rehearing denied April 25, 1955.

Mr. E. B. Evans, for plaintiff in error.

Mr. Robert M. Gilbert, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Dewey Jarvis, defendant in error, as plaintiff, on December 6, 1952, filed a complaint for damages in the district court of Weld county alleging therein that defendant, Fred Rein, Jr., is an individual doing business as a milk transport company under his name, with principal offices in the City and County of Denver; that defendant Gable was an employee of defendant Rein and was driving the milk truck involved in this action; that on October 14, 1950, about 7:30 o'clock a.m., defendant Gable drove the truck owned by Rein in a negligent and reckless manner from a farmyard onto the county road and into the path of plaintiff's car, thereby causing a collision; and that as a result thereof plaintiff suffered injuries, among which was the loss of his left eye and other injuries including cracked ribs, lacerations of the face and disabling fractures of the nasal bones, for which he claimed damages in the sum of $75,000.00 Defendants answered the complaint on February 26, 1953, admitting the formal parts; and alleging that plaintiff negligently and carelessly drove his automobile into the side of the truck of defendant; that the injury and damages sustained by plaintiff, if any, were caused solely by his con-

tributory negligence; that the injuries and damages, if any, were the result of an unavoidable accident; and finally, that plaintiff had the last clear chance to avoid the collision.

Trial was to a jury, which, on March 4, 1954, returned its verdict in plaintiff's favor and assessed his damages in the sum of $19,578.22, on which judgment was entered after denial of a motion for new trial that was filed on April 3, 1954. The motion for new trial was based upon alleged error committed by the trial court in the denial of a motion of defendant for nonsuit, made at the conclusion of plaintiff's case; in the denial of motion for directed verdict at the close of the case; and refusal of the trial court to give defendants' tendered instruction No. 7 (the record shows defendants' tendered instruction No. 1), for the reason that the evidence established that plaintiff had the last clear chance to avoid the accident; finally that the verdict is contrary to the evidence and to the law, is excessive, and based upon passion, prejudice and sympathy for plaintiff.

Defendant has not included in the summary of argument, the claim of error for refusal to give the tendered instruction on last clear chance; however, it is set forth in the motion for new trial and is mentioned in the brief. We cannot understand defendants' insistence upon such an instruction, because this is a doctrine available to plaintiff when caught in a corner, and defendant, realizing the perilous situation in time to do something about it to avoid an accident, fails to do so. It follows, of course, that this situation arises when plaintiff is met with a defense of contributory negligence. If the doctrine could be invoked by defendant, it would be a confusing method, charging plaintiff with contributory negligence before the occasion arises where the doctrine could be invoked. Plaintiff already is barred by his contributory negligence and would seek this route out of the dilemma. There was no error on the part of the trial court in refusing to give this instruction for

the reasons stated; moreover, from our analysis of the evidence, such an instruction was not warranted.

 Defendant Gable had entered a farmyard for the purpose of collecting milk and was leaving the premises by the private way out onto the highway. The milk truck was over 22 feet long, and the highway 29 feet wide at that point. Gable, the driver, testified in effect that as he approached the edge of the highway he stopped and looked in both directions and saw a big truck coming about one quarter of a mile away; that he started to proceed out onto the highway; and that the first he saw of plaintiff's vehicle was when it was three or four feet from him before the crash. From a study of the testimony it seems that plaintiff apparently drove around or past the big truck that defendant saw, at a speed of about forty miles per hour; that plaintiff saw defendant's truck when about 100 feet from it and plaintiff's skid marks measured 95 feet on the highway. The milk truck was not moved by the impact, but plaintiff's vehicle ran in under the frame, damaging the left front fender and the hood, and some part of his automobile came through the windshield causing the injury to plaintiff hereinbefore set out. There apparently was room behind the milk truck for other vehicles to pass by going into a shallow borrow pit, and the big truck that defendant Gable saw, did so pass behind the milk truck immediately following the accident. We have examined the court's instructions to the jury, and are of the opinion that it was properly instructed as to the law applicable to the facts in the case; that it had proper guidance in its consideration of the negligence of defendant and the alleged contributory negligence of plaintiff; and, in our opinion, the disputed and undisputed testimony is sufficient to sustain a verdict either way when arrived at by the triers of the fact; therefore, we refrain from disturbing the verdict of the jury which, as hereinbefore stated, was properly instructed.

 On the question of excessive verdict, the same

general principle would apply, unless the amount was so excessive as to indicate passion or prejudice or an unusual degree of sympathy for plaintiff. In the instant case, plaintiff suffered the loss of one eye; injury to his nasal passages; other disfigurement of the face; and, according to his testimony and that of the physicians, he will suffer discomfort the balance of his life; therefore, we cannot, by any standard known to us, say that under these circumstances, the amount that the jury thought was reasonable should be changed.

No reversible error being disclosed by the record the judgment is affirmed.